**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| SANDRA KINNEY,<br><br>Plaintiff,<br><br>v.<br><br><br>MAIN STREET OF ATHENS, INC., STUART MASON, MARILYN MILLER, ASHTON ROBINSON BURROWS, TYLER FORREST, HUGH WILLSON, III, JORDAN CURTIS, STEVE SHERLIN, and PERRY MCCOWAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-CV-00207-TRM-CHS |

---

**ANSWER OF DEFENDANT JORDAN CURTIS**

---

The Defendant, Jordan Curtis, hereby appears by and through counsel and for his Answer to the Complaint filed against him, states as follows:

1. In response to the allegations in Paragraph 1 of the Plaintiff's Complaint, it is affirmatively averred that Defendant Curtis did not serve on the Main Street Board and had no direct or indirect role in the hiring of Sandra Kinney or the operation of Main Street. Defendant Curtis is aware that Sandra Kinney was hired to serve as the Director of Main Street. As to the balance of the allegations in Paragraph 1 of the Plaintiff's Complaint, Defendant Curtis lacks information sufficient to form a belief as to the truth or falsity of those allegations which are therefore denied at this stage.

2. The allegations in Paragraph 2 of the Plaintiff's Complaint are generally admitted.

3. In response to the allegations in Paragraph 3 of the Plaintiff's Complaint it is admitted that Sandra Kinney served as the Director of Main Street Athens. It is denied that Defendant Curtis played any role in either the hiring or the ultimate firing of Sandra Kinney. Defendant Curtis lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the Plaintiff's Complaint. Those allegations are therefore denied at this stage.

4. In response to the allegation in Paragraph 4 of the Plaintiff's Complaint, Defendant Curtis admits that Ms. Kinney was terminated from her role as Director of Main Street. Defendant Curtis denies that he played any role in that termination or engaged in wrongful acts with respect to Ms. Kinney of any kind. As to the remaining allegations in Paragraph 4 of the Plaintiff's Complaint, Defendant Curtis lacks information sufficient to form a belief as to the truth or falsity of those allegations which are therefore denied at this stage.

5. The allegations in Paragraph 5 of the Plaintiff's Complaint are denied.

6. As to the allegations in Paragraph 6 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

7. The allegations in Paragraph 7 of the Plaintiff's Complaint are generally admitted.

8. The allegations in Paragraph 8 of the Plaintiff's Complaint are admitted upon information and belief.

9. The allegations in Paragraph 9 of the Plaintiff's Complaint are admitted upon information and belief.

10. The allegations in Paragraph 10 of the Plaintiff's Complaint are admitted upon information and belief.

11. The allegations in Paragraph 11 of the Plaintiff's Complaint are admitted upon information and belief.

12. The allegations in Paragraph 12 of the Plaintiff's Complaint are admitted upon information and belief.

13. The allegations in Paragraph 13 of the Plaintiff's Complaint are admitted.

14. The allegations in Paragraph 14 of the Plaintiff's Complaint are admitted.

15. The allegations in Paragraph 15 of the Plaintiff's Complaint are admitted.

16. Paragraph 16 of the Plaintiff's Complaint contains legal allegations which are not properly pled. The Defendant does not contest that jurisdiction is proper in this Court.

17. Paragraph 17 of the Plaintiff's Complaint contains legal allegations which are not properly pled. The Defendant does not contest that this Court has supplemental jurisdiction over the Plaintiff's state law claims. However, the Defendant specifically invokes the terms of the Tennessee Governmental Tort Liability Act and the immunities contained therein including the jurisdictional provisions of that Act. Specific reference is made to Tenn. Code Ann. §§ 29-20-201(b)(2) and 29-20-310(b).

18. Paragraph 18 of the Plaintiff's Complaint contains legal allegations which are not properly pled. The Defendant does not contest that venue is proper in this Court.

19. Paragraph 19 of the Plaintiff's Complaint contains legal allegations which are not properly pled. The Defendant does not contest that jurisdiction is proper in this Court.

20. Paragraph 20 of the Plaintiff's Complaint contains legal allegations which are not properly pled. The Defendant does not contest that jurisdiction is proper in this Court.

21. As to the allegations in Paragraph 21 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

22. In response to the allegations in Paragraph 22 of the Plaintiff's Complaint, it is admitted that Main Street is a nonprofit corporation. It is further admitted that the Mayor of the City of Athens and the City Manager of the City of Athens either serve on the Board of Main Street or are made aware of the meetings of the Board of Main Street. It is denied that the City exercises either direct or indirect control over Main Street. It is denied that Main Street is a state actor, or that any of the members of its Board are state actors. Any other allegations in Paragraph 22 of the Plaintiff's Complaint not adequately addressed by this response are denied.

23. It is admitted that Paragraph 23 appears to constitute a quotation from the Bylaws of Main Street. Any other allegations not adequately addressed by this response are denied.

24. In response to the allegations in Paragraph 24 of the Plaintiff's Complaint, it is denied that Main Street performs governmental functions. It is admitted that Main Street receives funding from the City of Athens. It is denied that Main Street is a state actor. This Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of the Plaintiff's Complaint. Those allegations are therefore denied at this stage.

25. As to the allegations in Paragraph 25 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

26. The allegations in Paragraph 26 of the Plaintiff's Complaint are denied as stated. It is admitted that Main Street is designed to encourage development and growth in downtown Athens and support business owners in downtown Athens. It is denied that in doing so, Main Street

performs a governmental function. Any allegations in paragraph 26 of the Plaintiff's Complaint not adequately addressed by this response are denied.

27. As to the allegations in Paragraph 27 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

28. In response to the allegations in Paragraph 28 of the Plaintiff's Complaint, it is admitted that Sandra Kinney was hired as Director of Main Street. As to the balance of the allegations in Paragraph 28 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of those allegations which are therefore denied at this stage.

29. In response to the allegations in Paragraph 29 of the Plaintiff's Complaint, it is admitted that Sandra Kinney was hired as Director of Main Street. As to the balance of the allegations in Paragraph 29 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of those allegations which are therefore denied at this stage.

30. As to the allegations in Paragraph 30 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

31. As to the allegations in Paragraph 31 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

32. As to the allegations in Paragraph 32 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

33. As to the allegations in Paragraph 33 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

34. As to the allegations in Paragraph 34 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

35. As to the allegations in Paragraph 35 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

36. As to the allegations in Paragraph 36 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

37. As to the allegations in Paragraph 37 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

38. As to the allegations in Paragraph 38 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

39. As to the allegations in Paragraph 39 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

40. As to the allegations in Paragraph 40 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

41. As to the allegations in Paragraph 41 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

42. In response to the allegations in Paragraph 42 of the Plaintiff's Complaint, including all subparts, this Defendant lacks information sufficient to form a belief as to the truth or falsity of those allegations. Those allegations are therefore denied at this stage.

43. As to the allegations in Paragraph 43 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

44. As to the allegations in Paragraph 44 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

45. As to the allegations in Paragraph 45 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

46. As to the allegations in Paragraph 46 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

47. As to the allegations in Paragraph 47 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

48. As to the allegations in Paragraph 48 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

49. As to the allegations in Paragraph 49 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

50. As to the allegations in Paragraph 50 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

51. As to the allegations in Paragraph 51 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

52. As to the allegations in Paragraph 52 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

53. In response to the allegations in Paragraph 53 of the Plaintiff's Complaint, it is admitted that Dr. Dowling and Mr. Eaton transmitted a letter with their signatures concerning Ms.

Kinney's employment status with Main Street. It is denied that Defendant Curtis played a role in the preparation or transmission of that letter. Any other allegations in Paragraph 53 of the Plaintiff's Complaint not adequately addressed by this response are denied.

54. As to the allegations in Paragraph 54 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

55. As to the allegations in Paragraph 55 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

56. As to the allegations in Paragraph 56 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

57. As to the allegations in Paragraph 57 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage.

58. With respect to the allegations in Paragraph 58 of the Plaintiff's Complaint, it is denied that this Defendant defamed the Plaintiff, participated in any conspiracy of any kind, or acted wrongfully in any way. The Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 of the Plaintiff's Complaint. Those allegations are therefore denied.

59. In response to the allegations in Paragraph 59 of the Plaintiff's Complaint, it is admitted that there was discussion of Sandra Kinney’s termination at the April 21, 2026 City Council meeting. That City Council meeting is video recorded and the video recording constitutes

the best evidence of those matters discussed at that meeting. Any other allegations not adequately addressed by this response are denied.

60. In response to the allegations in Paragraph 60 of the Plaintiff's Complaint, it is denied that Defendant Curtis was under pressure from any member of the Main Street Board or took any action at their behest. As to the remaining allegations in Paragraph 60, this Defendant lacks information sufficient to form a belief as to the truth or falsity of those allegations, which are therefore denied at this stage.

61. The allegations in Paragraph 61 of the Plaintiff's Complaint are denied.

62. The allegations in Paragraph 62 of the Plaintiff's Complaint are denied.

63. As to the allegations in Paragraph 63 of the Plaintiff's Complaint, it is admitted that a special called meeting was set for June 4, 2026 and that the status of Dr. Dowling's employment under his contract was a matter placed upon the agenda. It is admitted that various members of the public spoke at that meeting. Any other allegations not addressed by this response are denied.

64. In response to the allegations in Paragraph 64 of the Plaintiff's Complaint, including all subparts, it is admitted that Mayor Larry Eaton spoke at that meeting. The Defendant relies upon the video recording of that meeting, which constitutes a verbatim record of Mr. Eaton's statements. Any allegations in Paragraph 64 inconsistent with that video recording are denied. The Defendant specifically denies that Mayor Eaton "testified" at the June 4, 2026 meeting.

65. In response to the allegations in Paragraph 65 of the Plaintiff's Complaint, including all subparts, it is admitted that Councilmember Duggan spoke at that meeting. The Defendant relies upon the video recording of that meeting, which constitutes a verbatim record of Mr. Duggan's statements. Any allegations in Paragraph 65 inconsistent with that video recording are denied. The Defendant specifically denies that Councilmember Duggan "testified" at the June 4, 2026 meeting.

66. In response to the allegations in Paragraph 66 of the Plaintiff's Complaint, it is admitted that City Manager Randy Dowling spoke at the June 4, 2026, meeting. The Defendant relies upon the video recording of that meeting, which constitutes a verbatim record of what Dr. Dowling said. Any allegations in paragraph 66 inconsistent with that recording are denied. It is specifically denied that Dr. Dowling "testified" at that meeting.

67. As to the allegations in Paragraph 67 of the Plaintiff's Complaint, it is admitted that Curtis declined to publicly state the reason for his decision. It is denied that any decision was made in violation of Tennessee's Open Meetings Act. Any other allegations not adequately address by this response are denied.

68. In response to the allegations in Paragraph 68 of the Plaintiff's Complaint, it is admitted that the City of Athens City Council voted 3 to 2 to terminate Dr. Dowling's contract without cause. It is admitted that Dowling received the severance pay he was entitled to under his contract, as well as additional severance pay that City Council decided to approve. Any other allegations in Paragraph 68 not adequately addressed by this response are denied.

69. In response to the allegations in Paragraph 69 of the Plaintiff's Complaint, it is admitted that this paragraph appears to contain quotations from comments on a social media post. It is denied that any of these comments are relevant or pertinent to the claims raised by the Plaintiff in her Complaint. All other allegations in Paragraph 69 of the Plaintiff's Complaint are denied.

70. In response to the allegations in paragraph 70 of the Plaintiff's Complaint, it is admitted that this Paragraph appears to contain a quotation from an article written by Tennessee Wesleyan professor Cliff Couch. It is denied that Mr. Couch's article is relevant to the claims raised by the Plaintiff in her Complaint. All other allegations in Paragraph 70 of the Plaintiff's Complaint are denied.

71. In response to the allegations in Paragraph 71 of the Plaintiff's Complaint, it is specifically denied that Defendant Curtis made false or defamatory statements. All other allegations in Paragraph 71 of the Plaintiff's Complaint are denied.

72. In response to the allegations in Paragraph 72 of the Plaintiff's Complaint, it is specifically denied that Defendant Curtis made false or defamatory statements. All other allegations in Paragraph 72 of the Plaintiff's Complaint are denied.

73. As to the allegations in Paragraph 73 of the Plaintiff's Complaint, the Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations which are therefore denied at this stage. It is specifically denied that Defendant Curtis made false or defamatory statements of any kind about Ms. Kinney.

74. The allegations in Paragraph 74 of the Plaintiff's Complaint are denied.

75. The allegations in Paragraph 75 of the Plaintiff's Complaint are denied.

76. The allegations in Paragraph 76 of the Plaintiff's Complaint are denied.

77. The Defendant reincorporates and reasserts his responses to each of the above numbered paragraphs.

78. This allegation does not pertain to this Defendant. Any aspect of this Paragraph which is asserted to pertain to this Defendant is denied.

79. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

80. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

81. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

82. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

83. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

84. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

85. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

86. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

87. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

88. The Defendant reincorporates and reasserts his responses to each of the above numbered paragraphs.

89. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

90. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

91. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

92. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

93. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

94. The Defendant reincorporates and reasserts his responses to each of the above numbered paragraphs.

95. In response to the allegations in paragraph 95 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

96. In response to the allegations in paragraph 96 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

97. The allegations in Paragraph 97 of the Plaintiff's Complaint are denied.

98. The allegations in Paragraph 98 of the Plaintiff's Complaint are denied.

99. In response to the allegations in paragraph 99 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

100. In response to the allegations in paragraph 100 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual

allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

101. In response to the allegations in paragraph 101 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

102. In response to the allegations in paragraph 102 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

103. The allegations in Paragraph 103 of the Plaintiff's Complaint are denied.

104. In response to the allegations in paragraph 104 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

105. The allegations in Paragraph 105 of the Plaintiff's Complaint are denied.

106. The allegations in Paragraph 106 of the Plaintiff's Complaint are denied.

107. The allegations in Paragraph 107 of the Plaintiff's Complaint are denied.

108. In response to the allegations in Paragraph 108 of the Plaintiff's Complaint, it is admitted that Councilmembers Sherlin, Curtis and McCowan voted to terminate the contract of City Manager Randy Dowling without cause. It is further admitted that they declined to publicly state the basis for their decision. Any other allegations not adequately addressed by this response are denied.

109. The allegations in Paragraph 109 of the Plaintiff's Complaint are denied.

110. The allegations in Paragraph 110 of the Plaintiff's Complaint are denied.

111. The Defendant reincorporates and reasserts his responses to each of the above numbered paragraphs.

112. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

113. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

114. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

115. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

116. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

117. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

118. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

119. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

120. This paragraph is directed at other Defendants and requires no response from this Defendant. To the extent a response is required, the allegations are denied.

121. The Defendant reincorporates and reasserts his responses to each of the above numbered paragraphs.

122. The allegations in Paragraph 122 of the Plaintiff's Complaint are denied.

123. In response to the allegations in paragraph 123 of the Plaintiff's Complaint, this Defendant lacks information sufficient to form a belief as to the truth or falsity of the factual allegations contained in that Paragraph. Those allegations are therefore denied. It is specifically denied that this Defendant acted wrongfully in any way, or that the Plaintiff is entitled to damages against this Defendant under any legal theory.

124. The allegations in Paragraph 124 of the Plaintiff's Complaint are denied.

125. The allegations in Paragraph 125 of the Plaintiff's Complaint are denied.

126. The allegations in Paragraph 126 of the Plaintiff's Complaint are denied.

127. The Plaintiff's prayer for relief is denied in full. It is denied that the Plaintiff is entitled to relief of any kind in this matter, or that Defendant Curtis acted wrongfully in any way.

128. The Complaint fails to state a claim against Curtis upon which relief can be granted. Curtis is named only in Count III and Count V. Neither count pleads facts, as distinguished from labels, conclusions, and allegations made "upon information and belief," sufficient to state a plausible claim against him under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

129. Counts I, II, and IV assert no claim against Curtis, and no response to those counts is required of him. To the extent any allegation within those counts is construed as directed at Curtis, it is denied.

130. Curtis is entitled to absolute legislative immunity. The conduct attributed to Curtis is his participation in deliberations of the Athens City Council and his vote at the June 4, 2026 special session. Local legislators are absolutely immune from civil liability under 42 U.S.C. § 1983 for acts taken in a legislative capacity, and that immunity turns on the character of the act rather than the motive alleged. *Bogan v. Scott-Harris*, 523 U.S. 44, 54-55 (1998).

131. Curtis is entitled to qualified immunity. Curtis's alleged conduct violated no constitutional or statutory right belonging to Plaintiff, and no clearly established law of which a reasonable councilmember in Curtis's position would have known placed him on notice that his conduct would violate Plaintiff's rights.

132. Curtis is immune from Plaintiff's state-law claims under Tennessee common-law legislative immunity, Tennessee good faith common law immunity, and immunity under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq.*, including §§ 29-20-205(2), 29-20-201(b)(2), and 29-20-310(b).

133. To the extent Curtis is sued in his official capacity, the claims are redundant of claims against the City of Athens, which is not a party to this action; Plaintiff has not pleaded any municipal policy, custom, or practice sufficient to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

134. Plaintiff's claim under 42 U.S.C. § 1985(3) fails as a matter of law because the Complaint alleges no racial or otherwise class-based, invidiously discriminatory animus behind the purported conspirators' actions, as required by *Griffin v. Breckenridge*, 403 U.S. 88, 101-102

(1971), and *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-830 (1983). Allegations of personal, political, or retaliatory motive do not satisfy that requirement.

135. Plaintiff's conspiracy claims are barred, in whole or in part, by the intracorporate conspiracy doctrine. Curtis, Steve Sherlin, and Perry McCowan are alleged to have acted as members of a single governmental body within the scope of their official duties, and members of the same entity cannot conspire with one another as a matter of law. *Jackson v. City of Cleveland*, 925 F.3d 793, 817-819 (6th Cir. 2019); *Hull v. Cuyahoga Valley Joint Vocational School District*, 926 F.2d 505, 509-510 (6th Cir. 1991).

136. Plaintiff has failed to plead facts establishing any agreement, meeting of the minds, or shared conspiratorial objective between Curtis and any other Defendant. Curtis made no statement concerning Plaintiff, participated in no decision concerning Plaintiff's employment, and had no role in the governance, finances, or personnel decisions of Main Street.

137. Count V fails because civil conspiracy is not an independent cause of action under Tennessee law and requires an underlying tort. Plaintiff asserts no independent tort against Curtis; he is not named in Count IV or in any other count sounding in tort.

138. Plaintiff's claims under 42 U.S.C. § 1983 fail because Plaintiff has not established an underlying deprivation of a federal constitutional or statutory right.

139. Plaintiff lacks standing to assert claims premised on the termination of City Manager Randy Dowling. Plaintiff suffered no injury in fact from that decision, any asserted injury is not fairly traceable to Curtis's conduct, and Plaintiff may not assert the rights of a third party.

140. Plaintiff's alleged injuries, which are her termination by Main Street, the statements alleged in Count IV, and the resulting alleged reputational and economic harm, were complete before any conduct attributed to Curtis and were alleged to be caused by the independent acts of

persons other than Curtis, including parties and non-parties, constituting intervening and superseding causes.

141. Any adverse action alleged would have been taken in the absence of Plaintiff's protected speech, and Curtis is therefore not liable. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 286-287 (1977).

142. To the extent Plaintiff asserts a deprivation of a liberty or property interest arising from injury to reputation, such a claim is barred because reputational harm alone does not implicate a constitutionally protected interest. *Paul v. Davis*, 424 U.S. 693, 711-712 (1976).

143. To the extent Plaintiff's claims rest on alleged violations of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq.*, that Act affords no private right of action for damages, provides that the exclusive remedy is nullification of the action taken, and an alleged violation does not itself constitute a deprivation of any federal right.

144. The conduct attributed to Curtis, which is voting on a matter before the City Council, deliberating with fellow councilmembers, and communicating with constituents on matters of public concern, is itself protected by the First Amendment to the United States Constitution and by Article I, § 19 of the Tennessee Constitution, and cannot form the basis of civil liability.

145. Curtis asserts the legislative privilege as to any inquiry into the motives, deliberations, or communications underlying his legislative acts, including the executive sessions referenced in the Complaint, and does not waive that privilege by pleading herein.

146. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose, including Tenn. Code Ann. §§ 28-3-103, 28-3-104, and 29-20-305(b).

147. In the event Plaintiff's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

148. Plaintiff has failed to mitigate her damages.

149. Plaintiff's damages, if any, are speculative, remote, and not recoverable, and Plaintiff is not entitled to the categories of relief sought.

150. To the extent Tennessee's comparative fault principles apply, Plaintiff's recovery is barred or reduced by her own fault and by the fault of other parties and non-parties. Curtis reserves the right to identify comparative tortfeasors pursuant to Tenn. Code Ann. § 20-1-119.

151. Any recovery must be reduced by amounts Plaintiff has received or will receive from other sources, including settlements with or payments by other Defendants, by way of setoff or credit.

152. Plaintiff is not entitled to punitive damages. Punitive damages are unavailable against a governmental official sued in an official capacity, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-271 (1981); Plaintiff has pleaded no conduct by Curtis meeting the standard for punitive damages under federal or Tennessee law; and any award of punitive damages on the facts alleged would violate the Due Process Clauses of the Fifth and Fourteenth Amendments and the corresponding provisions of the Tennessee Constitution.

153. Plaintiff's claims against Curtis are frivolous, unreasonable, and without foundation, and Curtis is entitled to his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable authority.

154. Curtis demands a jury on all issues triable by jury.

155. Curtis adopts and incorporates by reference all defenses asserted by any co-Defendant to the extent such defenses are not inconsistent with the defenses asserted herein and inure to his benefit.

156. Curtis denies each and every allegation of the Complaint not expressly admitted herein.

157. Curtis reserves the right to assert additional defenses that become available or apparent through discovery or otherwise, and to amend this Answer accordingly.

WHEREFORE, having fully answered the Complaint, Defendant Jordan Curtis respectfully requests that the Complaint be dismissed with prejudice as to him, that judgment be entered in his favor, that he be awarded his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable authority, and that the Court award such other and further relief as it deems just and proper.

RESPECTFULLY submitted this 8th day of September 2026.

**JORDAN CURTIS**

By: /s/ Brian R. Bibb

BRIAN R. BIBB, BPR NO. 031024
WATSON, ROACH, BATSON
& LAUDERBACK, P.L.C.
1500 Riverview Tower
900 South Gay Street, P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
bbibb@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

Brandon J. Smith, Esq.
Dylan Harper, Esq.
Andrew Wilson, Esq.
HOLTZMAN, VOGEL, BARAN,
TORCHINSKY & JOSEFIAK, PLLC
1221 Broadway, Suite 2100
Nashville, TN 37203
bsmith@holtzmanvogel.com
dharper@holtzmanvogel.com
awilson@holtzmanvogel.com

Arthur F. Knight, III, Esq.
KNIGHT LAW
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
art@artknightlaw.com

Jon M. Cope, Esq.
STOKES, WILLIAMS, SHARP, COPE
and MANN, P.C.
P.O. Box 2644
Knoxville, TN 37901
jon@stokeswilliams.com

Dated this 8th day of September, 2026.

/s/ Brian R. Bibb
BRIAN R. BIBB, BPR No. 031024