**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| **SANDRA KINNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:26-cv-00207** |
| | ) | |
| **MAIN STREET OF ATHENS, INC., STUART MASON, MARILYN MILLER, ASHTON ROBINSON BURROWS, TYLER FORREST, HUGH WILLSON, III, JORDAN CURTIS, STEVE SHERLIN, and PERRY McCOWAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANTS MAIN STREET OF ATHENS, INC., STUART MASON, MARILYN MILLER, ASHTON ROBINSON BURROWS, TYLER FORREST AND HUGH WILLSON, III**

Come the Defendants, Main Street of Athens, Inc. (hereinafter "Defendant Main Street Athens"), Stuart Mason (hereinafter "Defendant Mason"), Marilyn Miller (hereinafter "Defendant Miller"), Ashton Robinson Burrows (hereinafter "Defendant Burrows"), Tyler Forrest (hereinafter "Defendant Forrest", and Hugh Willson, III (hereinafter "Defendant Willson") (and collectively "These Defendants"), by and through counsel, and answers the Complaint filed against them as follows:

1. The allegations contained in paragraph 1 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to Plaintiff.

2. The allegations contained in the first sentence of paragraph 2 are generally admitted. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of paragraph 2 of the Complaint as the allegations are

vague and ambiguous and accordingly, the allegations are placed at issue. These Defendants deny any liability to Plaintiff.

3. Answering the allegations contained in paragraph 3 of Plaintiff's Complaint, these Defendants admit only that Plaintiff served as the Executive Director of Defendant Main Street Athens for a period of time. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to Plaintiff.

4. Answering the allegations contained in paragraph 4 of Plaintiff's Complaint, these Defendants admit only that Plaintiff was terminated as the Executive Director of Defendant Main Street Athens. The remaining allegations contained in paragraph 4 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to Plaintiff.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to Plaintiff.

6. These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and accordingly, the allegations are placed at issue. These Defendants deny any liability to Plaintiff.

7. Regarding the allegations contained in paragraph 7 of Plaintiff's Complaint, these Defendants generally admit the allegations contained therein. Service of process is not contested. These Defendants deny any liability to Plaintiff.

8. These Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint. Service of process is not contested. These Defendants deny any liability to Plaintiff.

9. These Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint. Service of process is not contested. These Defendants deny any liability to Plaintiff.

10. These Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint. Service of process is not contested. These Defendants deny any liability to Plaintiff.

11. These Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint. Service of process is not contested. These Defendants deny any liability to Plaintiff.

12. These Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint. Service of process is not contested. These Defendants deny any liability to Plaintiff.

13. Regarding paragraph 13 of Plaintiff's Complaint, no answer is warranted and none is given. These Defendants deny any liability to Plaintiff.

14. Regarding paragraph 14 of Plaintiff's Complaint, no answer is warranted and none is given. These Defendants deny any liability to Plaintiff.

15. Regarding paragraph 15 of Plaintiff's Complaint, no answer is warranted and none is given. These Defendants deny any liability to Plaintiff.

16. These Defendants admit the Court has jurisdiction over Plaintiff's federal claims brought in her Complaint. These Defendants deny any liability to the Plaintiff under any of the claims brought by Plaintiff.

17. These Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims. These Defendants deny any liability to Plaintiff.

18. These Defendants admit that venue resides in this Court. These Defendants deny any liability to Plaintiff.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are not statements of fact but rather conclusions of law and therefore, no answer is warranted. Defendant Main Street Athens, however, does not contest personal jurisdiction. These Defendants deny any liability to the Plaintiff.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint are not statements of fact but rather conclusions of law and therefore, no answer is warranted. These Defendants, however, does not contest personal jurisdiction. No answer is provided for Defendants Jordan Curtis, Steve Sherlin and Perry McCowan. These Defendants admit only that Tennessee Main Street Program is a state-wide downtown revitalization program administered by the Tennessee Department of Economic and Community Development ("TDECD"). It is admitted that Defendant Main Street Athens is accredited. It is admitted that Defendant Main Street Athens is one of 50 Tennessee cities under Tennessee Main Street's coordinating program. The mission of Defendant Main Street Athens is to preserve and promote the heritage of Downtown Athens while supporting businesses, community life and downtown revitalization. All allegations concerning the operation of the Tennessee Main Street Program, and/or the Tennessee Department of Economic and Community Development do not require an answer from these Defendants and therefore, no answer is warranted and none is given. Further, all allegations concerning the Tennessee Main Street Program and/or Tennessee Department of Economic and Community Development and the laws governing the same speak for themselves as well as the citations provided in Plaintiff's Complaint, to the extent they are in any way significant to Plaintiff's causes of action. All allegations inconsistent with the foregoing are denied. These Defendants deny any liability to the Plaintiff.

21. All allegations concerning the operation of the Tennessee Main Street Program, and/or the Tennessee Department of Economic and Community Development do not require an answer from these Defendants and therefore, no answer is warranted and none is given. Further, all allegations concerning the Tennessee Main Street Program and/or Tennessee Department of Economic and Community Development and the laws governing the same speak for themselves

as well as the citations provided in Plaintiff's Complaint, to the extent they are in any way significant to Plaintiff's causes of action. All allegations inconsistent with the foregoing are denied. These Defendants deny any liability to the Plaintiff.

22. These Defendants admit that Defendant Main Street Athens is organized as a nonprofit corporation under the laws of the State of Tennessee. Exhibit A to the Complaint speaks for itself and no answer is warranted and none is given by these Defendants. The remaining allegations contained in paragraph 22 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

23. Answering the allegations contained in paragraph 23, section 5.1 of Exhibit A speaks for itself without any answer from these Defendants and accordingly, no answer is warranted and none is given. All allegations inconsistent with the foregoing are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

24. Answering the allegations contained in paragraph 24, these Defendants admit only that Defendant Main Street Athens receives certain amounts of funding from the City of Athens, Tennessee. The remaining allegations contained in paragraph 24 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

25. These Defendants lack sufficient knowledge or information to either deny the allegations contained in paragraph 25 of the Complaint and therefore, the allegations are placed at issue and denied. These Defendants deny that any of them are state actors or engaged in state action. These Defendants deny any liability to the Plaintiff.

26. Answering the allegations contained in paragraph 26 of Plaintiff's Complaint, it is admitted that downtown revitalization and historic preservation are a function of Defendant Main Street Athens. The phrase "at its core" is vague, ambiguous and impossible to answer and

therefore, denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

27. These Defendants are without sufficient knowledge and information to either admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore, the allegations are placed at issue and denied. All allegations inconsistent with the foregoing are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

28. These Defendants deny that Defendant Main Street Athens approached Plaintiff and asked her if she was interested in serving as the Executive Director of Main Street at Athens. These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint and accordingly, the allegations are placed at issue and denied, and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

29. Answering the allegations contained in paragraph 29 of Plaintiff's Complaint, it is admitted that Plaintiff began her employment as the Executive Director of Defendant Main Street Athens on April 1, 2024. The remaining allegations contained in paragraph 29 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

30. These Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

31. These Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

32. These Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint with the exception that Defendant Miller and Defendant Burrows had at times served on the Board of Defendant Main Street Athens. It is also admitted that the highly respected accounting firm of Miller & McFail performs certain accounting services for Defendant Main Street Athens on a pro bono basis. All allegations inconsistent with the foregoing are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

33. The allegations contained in paragraph 33 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

34. These Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

35. These Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

36. These Defendants admit that Ms. Aird was hired as a part-time food service manager. These Defendants deny the remaining allegations contained in paragraph 36 of the Plaintiff's complaint and strict proof demanded thereof. These Defendants, however, admit that "The Food Hub" was created to and operated as a unit of Defendant Main Street Athens. These Defendants deny any liability to the Plaintiff.

37. These Defendants admit that Ms. Aird's duties as part-time food services manager required her to work approximately 20 hours. These Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint. These Defendants, however, submit that Ms. Aird has been fully compensated in accordance with all state and federal laws. These Defendants deny any liability to the Plaintiff.

38. These Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

39. These Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

40. These Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

41. These Defendants admit the allegations contained in paragraph 41 of the Plaintiff's Complaint with the exception of the phrases "needed to be shut down" and "along with others." All allegations inconsistent with the foregoing are denied and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

42. These Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

43. These Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants admit only that Mayfield demanded, without specifics, that the 2025 financials be corrected per "whatever Sandra was talking about." All other allegations with the exception of the foregoing admissions are denied. These Defendants deny any liability to the Plaintiff.

44. Answering the allegations contained in paragraph 44 of the Plaintiff's Complaint, it is admitted that Defendant Burrows resigned from the Board the day after the February 26th

Board meeting and Defendant Willson later resigned. These Defendants deny the remaining allegations contained in paragraph 44 of the Plaintiff's Complaint and strict proof is demanded thereof.

45. These Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

46. Answering the allegations contained in paragraph 46 of Plaintiff's Complaint, these Defendants admit only that Plaintiff contacted an outside accounting firm concerning an audit. The remaining allegations contained in paragraph 46 of Plaintiff's Complaint are denied and strict proof demanded thereof.

47. These Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

48. These Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

49. These Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

50. These Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

51. These Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

52. These Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

53. These Defendants admit on March 20, 2026, a letter signed by City Manager Randall Dowling and Mayor Larry Eaton was sent to the Board containing certain language quoted in paragraph 53. Paragraph 53 references Exhibit B but these Defendants' service copies of the Complaint show it as "Exhibit D." All allegations inconsistent with the foregoing are denied and district proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

54. Answering the allegations contained in paragraph 54 of the Plaintiff's Complaint, these Defendants admit that Eaton said he was going to request an official audit to which no one objected to except for the fact that concerns existed that Defendant Main Street Athens lacked funds. These Defendants are without information or knowledge to either admit or deny the remaining allegations contained in paragraph 54 of Plaintiff's Complaint and accordingly, the allegations are placed at issue. These Defendants deny any liability to the Plaintiff.

55. Answering the allegations contained in paragraph 55 of Plaintiff's Complaint, the service copy of these Defendants provides that the March 26, 2026, email was attached as Exhibit B and the termination letter is attached as Exhibit C to the service copy for these Defendants. These Defendants deny backdating any document. These Defendants aver that the email and letter speak for themselves without any admission or denial or comment by these Defendants. It was these Defendants' understanding that Plaintiff had told multiple individuals that it was her intent

to resign her position. These Defendants aver that the termination letter was sent with the email as Main Street Athens needed to document that Plaintiff could no longer act on behalf of Main Street Athens as she was continuing to do so despite her repeated expressions of intent to resign which she never followed through with. All allegations inconsistent with the foregoing are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

56. Answering the allegations contained in paragraph 56 of the Plaintiff's Complaint, these Defendants admit that Plaintiff made multiple falsehoods throughout her tenure. These Defendants aver that the allegations contained in paragraph 56 of the Plaintiff's Complaint are vague, ambiguous, involve at least two (2) third parties sued, and therefore, these Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 56 of Plaintiff's Complaint. These Defendants do deny any liability to the Plaintiff on any theory alleged. Moreover, these Defendants aver that paragraph 56 of the Plaintiff's Compliant does not contain any statements which may be considered defamatory in any way.

57. These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 57 of Plaintiff's Complaint and accordingly, the allegations are placed at issue. Moreover, the averments of paragraph 57 are taken out of context and accordingly denied and strict proof demanded thereof. These Defendants deny any liability to Plaintiff.

58. These Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

59. The allegations contained in paragraph 59 of Plaintiff's Complaint are not directed at these Defendants. Therefore, no answer is warranted and none is given. To the extent an answer

is warranted, these Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 59 and accordingly, the allegations are placed at issue.

60. These Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

61. These Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint and strict proof is demanded thereof. These Defendants deny any liability to the Plaintiff.

62. The allegations contained in paragraph 62 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

63. The allegations contained in paragraph 63 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

64. The allegations contained in paragraph 64 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

65. The allegations contained in paragraph 65 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

66. The allegations contained in paragraph 66 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

67. The allegations contained in paragraph 67 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

68. The allegations contained in paragraph 68 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

69. The allegations contained in paragraph 69 of Plaintiff's Complaint are not directed at this Defendant and therefore, no answer is warranted and none is given. These Defendants deny any liability to the Plaintiff.

70. These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 70 of the Plaintiff's Complaint and accordingly, the allegations are placed at issue. These Defendants deny any liability to the Plaintiff.

71. The allegations contained in paragraph 71 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

72. The allegations contained in paragraph 72 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

73. These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 73 of the Plaintiff's Complaint and accordingly, the allegations are placed at issue. These Defendants deny any liability to the Plaintiff.

74. The allegations contained in paragraph 74 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

75. The allegations contained in paragraph 74 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

76. The allegations contained in paragraph 76 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

77. These Defendants repeat and allege their responses as set forth in paragraphs 1-76 above as if fully set forth herein.

78. The allegations contained in paragraph 78 of Plaintiff's Complaint are generally admitted. Defendant Main Street Athens denies violating the FLSA or any other law regarding wages or recordkeeping. These Defendants deny any liability to the Plaintiff.

79. Defendant Main Street Athens generally admits the allegations contained in paragraph 79. These Defendants deny any liability to the Plaintiff.

80. The allegations contained in paragraph 80 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

81. The allegations contained in paragraph 81 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

82. The allegations contained in paragraph 82 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

83. The allegations contained in paragraph 83 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

84. The allegations contained in paragraph 84 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

85. The allegations contained in paragraph 85 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

86. The allegations contained in paragraph 86 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

87. The allegations contained in paragraph 87 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

88. These Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-87 above as if fully set forth herein.

89. The allegations contained in paragraph 89 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

90. The allegations contained in paragraph 90 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

91. The allegations contained in paragraph 91 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

92. The allegations contained in paragraph 92 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

93. The allegations contained in paragraph 93 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

94. These Defendants repeat and reallege their responses to the allegations contained in paragraphs 1-93 above as if fully set forth herein.

95. The allegations contained in paragraph 95 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

96. The allegations contained in paragraph 96 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

97. The allegations contained in paragraph 97 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

98. The allegations contained in paragraph 98 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

99. The allegations contained in paragraph 99 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

100. The allegations contained in paragraph 100 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

101. The allegations contained in paragraph 101 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

102. The allegations contained in paragraph 102 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

103. The allegations contained in paragraph 103 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

104. The allegations contained in paragraph 104 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

105. The allegations contained in paragraph 105 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

106. The allegations contained in paragraph 106 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

107. The allegations contained in paragraph 107 are not directed at these Defendants and therefore, no answer is warranted and none is given. To the extent warranted, the allegations are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

108. The allegations contained in paragraph 108 are not directed at these Defendants and therefore, no answer is warranted and none is given. To the extent warranted, the allegations are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

109. The allegations contained in paragraph 109 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

110. The allegations contained in paragraph 110 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

111. These Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-110 above as if fully and completely set forth herein.

112. The allegations contained in paragraph 112 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

113. The allegations contained in paragraph 113 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

114. The allegations contained in paragraph 114 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

115. The allegations contained in paragraph 115 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

116. The allegations contained in paragraph 116 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

117. The allegations contained in paragraph 117 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

118. The allegations contained in paragraph 118 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

119. The allegations contained in paragraph 119of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

120. The allegations contained in paragraph 120 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

121. These Defendants repeat and reallege their responses to the allegations in paragraphs 1-120 above as if fully and completely set forth herein.

122. The allegations contained in paragraph 122 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

123. The allegations contained in paragraph 123 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

124. The allegations contained in paragraph 124 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

125. The allegations contained in paragraph 125 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

126. The allegations contained in paragraph 126 of Plaintiff's Complaint are denied and strict proof demanded thereof. These Defendants deny any liability to the Plaintiff.

127. These Defendants deny any liability to Plaintiff under any theory alleged in the Complaint or any theory that could be alleged in the Complaint.

128. These Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

129. These Defendants deny the Plaintiff is entitled to any relief, including any and all matters identified in her "Prayer for Relief" on page 25 of her Complaint.

130. These Defendants are not state actors and have not engaged in state action.

131. Alternatively, these Defendants are entitled to the defense of qualified immunity.

132. To the extent applicable, these Defendants are entitled to absolute legislative immunity and/or absolutely witness immunity.

133. These Defendants aver that certain conspiracy claims of the Plaintiff are barred in whole or in part by the Intracorporate Conspiracy Doctrine.

134. These Defendants aver that civil conspiracy as identified in Count V is not an independent cause of action under Tennessee law and requires an underlying tort. Plaintiff asserts no underlying tort against the answering individual Defendants and therefore, Count V fails to state a claim upon which relief can be granted. To the extent Plaintiff is attempting to redress anything other than her termination, Plaintiff lacks standing.

135. These Defendants allege that Plaintiff's claims in whole or in part are barred by the applicable statutes of limitations.

136. Plaintiff has failed to mitigate her damages.

137. The individual Defendant Board Members are immune pursuant to Tennessee law, including but not limited to T.C.A. § 48-58-601.

138. To the extent Tennessee comparative fault principles apply, Plaintiff's recovery is barred or reduced by her own fault or the fault of other parties or nonparties. These Defendants reserve the right to identify comparative tort feasors pursuant to Tenn. Code Ann. § 20-21-119.

139. Plaintiff's claims against these Defendants are frivolous, unreasonable, and without foundation and these Defendants are entitled to reasonable fees and costs pursuant to 42 U.S.C. § 1988 or any other applicable authority.

140. These Defendants demand a jury to try all issues so triable.

141. These Defendants aver Plaintiff's defamation claims are barred by the doctrine of truth.

142. These Defendants are entitled to a qualified privilege concerning Plaintiff's defamation claims.

143. Anything heretofore not expressly admitted or denied is denied in its entirety and strict proof demanded thereof.

WHEREFORE, these Defendants having fully answered the Complaint, respectfully request that the Complaint be dismissed, judgment entered for these Defendants, and that these Defendants be awarded their attorney fees and costs pursuant to 42 U.S.C. § 1988 and further demand a jury to try all such cases so triable.

Respectfully submitted this 18th day of September, 2026.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

STOKES, WILLIAMS, SHARP, COPE & MANN

/s/Jon M. Cope
Jon M. Cope, BPR #020031
920 Volunteer Landing Lane
Knoxville, Tennessee 37915
(865)544-3833
jon@stokeswilliams.com

*Attorney for Defendants Main Street of Athens, Inc., Stuart Mason, Marilyn Miller, Ashton Robinson Burrows, Tyler Forrest and Hugh Willson, III*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, a copy of the foregoing Answer of Defendants Main Street of Athens, Inc., Stuart Mason, Marilyn Miller, Ashton Robinson Burrows, Tyler Forrest and Hugh Willson, III was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Arthur F. Knight, III*
Arthur F. Knight, III